✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

WESTERN District of NORTH CAROLINA

UNITED STATES OF AMERICA
V.
STEVEN SCOTT CLINE
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case 1:09 mj 17-10

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

(1) There is probable cause to believe that the defendant has committed an offense
   for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   under 18 U.S.C. § 924(c).
(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  X  a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____     _____
Date                                         *Signature of Judge*
                                                 Dennis L. Howell, United States Magistrate Judge
                                                 *Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:09 mj 17-1**

**UNITED STATES OF AMERICA,**

Vs.                                                                                           **ADDENDUM TO**
                                                                                              **DETENTION ORDER**
**STEVEN SCOTT CLINE.**

_____

**I.  FACTORS CONSIDERED**

    **18 U.S.C. § 3142:**

    **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

    **(1)**  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    **(2)** the weight of the evidence against the person;

    **(3)**  the history and characteristics of the person, including--

        **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II.                                     FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a crime of violence, that being bank robbery.

**(g)(2):** The weight of the evidence against the person appears to be strong and significant. The defendant has given a statement in which he has admitted his participation in the crime of bank robbery.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties in the Gastonia community, he has had employment in the year 2008. The defendant has had a long length of residence in the Gaston and Mecklenburg County communities. He has also resided in the state of Florida. The defendant's history relating to drug or alcohol abuse shows that the defendant is 46 years old and has been using alcohol since age 13 and cocaine from age 20. The defendant has also used marijuana, amphetamines, barbiturates and heroin. The defendant participated in a drug treatment program at Black Mountain, NC in 1987 and 1993. In regard to the defendant's criminal history relating to drug or alcohol abuse, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| Intoxicated and disruptive | 08/02/88 |
| Intoxicated and disruptive | 07/11/89 |

In addition to the above referenced offenses, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| Felony larceny | Unknown |
| Armed robbery | 05/26/83 |
| Assault with a deadly weapon | 05/26/83 |
| Resisting a public officer | 05/26/83 |
| Felony escape from state prison | 04/22/85 |
| Resisting public officer | 08/02/88 |
| Misdemeanor larceny | 10/04/88 |
| Disorderly conduct | 07/11/89 |
| Shoplifting, SC | 02/15/93 |
| Simple assault, SC | 02/15/93 |
| Simple affray | 04/25/94 |

| | |
|---|---|
| Felony assault with deadly weapon inflicting serious injury | 07/27/94 |
| Shoplifting, FL | 12/16/94 |
| Shoplifting, FL | 04/04/95 |
| Bank robbery, United States District Court | 03/06/98 |
| Resisting an officer | 02/11/09 |

In addition, when the defendant was released on supervised release from the conviction in the United States District Court in Charlotte, NC, it is alleged he has violated the terms and conditions of his supervised release.

**(B)** At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was serving a term of supervised release from a conviction for bank robbery in the United States District Court in Charlotte, NC at the time of the alleged offense in this matter.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. The criminal record of the defendant shows that he has been convicted of multiple charges involving violence and a previous charge of bank robbery. These factors show by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community.

The undersigned does find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. The defendant has a previous conviction for felony escape from state prison. He is now facing a second charge of bank robbery in the United States District Court. These factors show by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: April 1, 2009

Dennis L. Howell
United States Magistrate Judge